IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JODY L. CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | No. 5:11-cv-00097-SWW |
| | * | |
| | * | |
| UNION PACIFIC RAILROAD COMPANY, | * | |
| | * | |
| Defendant/Third Party | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | |
| | * | |
| | * | |
| GUNDERSON RAIL SERVICES, LLC, | * | |
| D/B/A GREENBRIER RAIL SERVICES | * | |
| PINE BLUFF D/B/A GUNDERSON | * | |
| WHEEL SERVICES AND D/B/A | * | |
| GUNDERSON, INC. | * | |
| | * | |
| Third Party Defendant. | * | |

## ORDER

Plaintiff Jody Clark brings this action under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq*., for personal injuries he states he sustained while working for defendant Union Pacific Railroad Company (Union Pacific). The matter is before the Court on motion [doc.#16] of Union Pacific to dismiss as Clark filed for bankruptcy after filing this action and only the bankruptcy trustee may pursue a cause of action included as property of the bankruptcy estate. *See, e.g., Wilmath v. St. Joseph Mercy Health Ctr.*, Civil No. 08-6011, 2009 WL 77616, at *3 (W.D.Ark. Jan. 9, 2009). Clark responded that the motion to dismiss should be denied because substitution of his bankruptcy trustee is under way. At the present time, no motion has been received from the bankruptcy trustee requesting substitution.

Under Fed.R.Civ.P. 17(a)(3), a district court does not err in dismissing an action after an objection has been made that the plaintiff is not the real party in interest, so long as the district court allows a reasonable time for the real party in interest to be substituted. *See Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010). The "reasonable time" under Fed.R.Civ.P. 17(a)(3) begins when the objection is made. *See Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.,* 330 F.3d 1041, 1047-48 (8th Cir. 2003) (computing the "reasonable time" under Fed.R.Civ.P. 17(a)(3) from the time an objection is first made until the district court enters an order dismissing the case).

Because Union Pacific agrees that the bankruptcy trustee should be given a reasonable amount of time to be substituted as the real party in interest, the Court will deny Union Pacific's motion to dismiss without prejudice and require that the bankruptcy trustee be substituted as the real party in interest within forty-five (45) days from the date of entry of this Order. *Cf. Conopco, Inc. v. Daesang Japan, Inc. (In re Monosodium Glutamate Antitrust Litig.)*, No. Civ. 00-MDL-1328 (PAM), Civ. 03-5323 (PAM), 2003 WL 23022001, at *3 (D. Minn., Dec. 23, 2003) (allowing 45 days in which to join ratifying parties as plaintiffs).

IT IS SO ORDERED this 24th day of August 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE