IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JODY L. CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 5:11-cv-00097-SWW |
| | * | |
| | * | |
| | * | |
| UNION PACIFIC RAILROAD COMPANY, | * | |
| | * | |
| Defendant/Third Party Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| GUNDERSON RAIL SERVICES, LLC, | * | |
| D/B/A GREENBRIER RAIL SERVICES | * | |
| PINE BLUFF D/B/A GUNDERSON | * | |
| WHEEL SERVICES AND D/B/A | * | |
| GUNDERSON, INC. | * | |
| | * | |
| Third Party Defendant. | * | |

## ORDER

Plaintiff Jody L. Clark brings this action under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, for personal injuries he states he sustained while working for defendant Union Pacific Railroad Company (Union Pacific). Union Pacific previously moved to dismiss on grounds that Clark filed for bankruptcy after filing this action and only the bankruptcy trustee may pursue a cause of action included as property of the bankruptcy estate. Clark responded that the motion to dismiss should be denied because substitution of his

bankruptcy trustee is under way.  By Order dated August 24, 2011 [doc.#20], the Court denied Union Pacific's motion to dismiss and required that the bankruptcy trustee be substituted as the real party in interest within forty-five (45) days from the date of entry of the Order.

The matter is now before the Court on motion [doc.#22] of Clark to substitute the following Bankruptcy Trustee as a plaintiff in this matter while allowing Clark to also remain as a plaintiff:

> M. Randy Rice, Trustee for Jody L. Clark
> 523 S. Louisiana, Suite 300
> Little Rock, AR 72201

Union Pacific has responded to Clark's motion stating that it has no objection to M. Randy Rice, Trustee, being substituted as the real party in interest but that it does object to Clark remaining as a plaintiff as only the bankruptcy trustee may pursue a cause of action included as property of the bankruptcy estate.  The Court agrees.

"[A] debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee."  *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir. 1985).  "[T]he only party who can pursue a claim on behalf of the bankruptcy estate is the trustee, thus the debtor lacks standing."  *In re Griffin*, 330 B.R. 737, 740 (W.D. Ark. 2005).  The authority of a bankruptcy trustee to sue on behalf of the bankruptcy estate is granted to the exclusion of the debtor.  *Id*.

Because Clark has filed for bankruptcy, he lacks standing to pursue this claim. The trustee of the bankruptcy estate is the real party in interest and the only party who has the capacity to sue in this action. The trustee's capacity to sue exists to the exclusion of Clark. Accordingly, the Court grants Clark's motion to substitute M. Randy Rice, Trustee, as a plaintiff

in this matter, but will not allow Clark to remain as a plaintiff as he does not have standing to pursue this claim.

IT IS SO ORDERED this 11th day of October 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE