IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| M. RANDY RICE, TRUSTEE FOR | * | |
| JODY L. CLARK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:12-cv-00108-SWW |
| | * | |
| | * | |
| | * | |
| UNION PACIFIC RAILROAD COMPANY, | * | |
| | * | |
| Defendant/Third-Party | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | |
| | * | |
| | * | |
| GUNDERSON RAIL SERVICES, LLC, | * | |
| D/B/A GREENBRIER RAIL SERVICES | * | |
| PINE BLUFF D/B/A GUNDERSON | * | |
| WHEEL SERVICES AND D/B/A | * | |
| GUNDERSON, INC., | * | |
| | * | |
| Third-Party Defendant. | * | |

ORDER

Plaintiff M. Randy Rice, Trustee for Jody L. Clark, brings this action under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20101 *et seq.*, and the Federal Safety Appliance Act (FSAA), 49 U.S.C. § 20301 *et seq.*, for personal injuries Clark sustained in an accident while working as a switchman/brakeman for defendant Union Pacific Railroad Company (Union Pacific).[1] Union Pacific, in turn, has filed a third-party complaint for indemnity against Gunderson Rail Services,

---

[1] After this action was filed, Clark filed for bankruptcy and moved to substitute Rice as the Plaintiff in this matter. The Court granted Clark's motion but did not allow Clark to remain as a Plaintiff as he does not have standing to pursue this claim.

LLC, d/b/a Greenbrier Rail Services Pine Bluff d/b/a Gunderson Wheel Services and d/b/a Gunderson, Inc. (Gunderson), alleging that Clark's accident was the result of failure and negligence of Gunderson and that Gunderson is liable for Clark's loss under indemnity provisions in a Track Lease Agreement pursuant to which Gunderson leases track from Union Pacific.

Before the Court are the following motions: (1) Union Pacific's motion for attorneys' fees pursuant to the Track Lease Agreement [doc.#166]; (2) Union Pacific's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 [doc.#169]; (3) Gunderson's Rule 68 motion for costs [doc.#170]; (4) Gunderson's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 [doc.#175]; and (5) Union Pacific's Rule 58 motion to extend time to file notice of appeal [doc.#180]. Gunderson has responded in opposition to both of Union Pacific's motions for attorneys' fees and Union Pacific has filed a reply to both of Gunderson's responses. Union Pacific has also responded in opposition to Gunderson's motions for costs and for attorneys' fees. According to Union Pacific, Gunderson objects to Union Pacific's motion to extend time to file a notice of appeal. For the reasons that follow, the Court grants Union Pacific's motion for attorneys' fees pursuant to the Track Lease Agreement, denies Union Pacific's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308, denies Gunderson's Rule 68 motion for costs, denies Gunderson's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308, and denies as moot Union Pacific's Rule 58 motion to extend time to file notice of appeal.

I. Background

At the time of his accident, Clark was a switchman working for Union Pacific. Clark was part of a three man crew, which also included a foreman and an engineer. Union Pacific owned the tracks at the Gunderson facility and allowed Gunderson to use the tracks under a Track Lease Agreement.

On Monday, August 30, 2010, Clark and the other members of his crew were picking up three wheel cars from the Gunderson facility to bring back to the Union Pacific facility. When Clark asked the engineer to "stretch," or move the train forward to make certain that the cars were coupled together, Clark realized that the last car on the track, AOK6445, was not coupled to the others. Clark walked to the rear of the track–Track 570–and he noticed that the drawbar on the last car was slued, or moved over to one side. Standing water and mud were around the track and in-between the rails of Track 570; no ballast or railroad ties were visible. Clark slipped in the mud in between the rails of Track 570 while attempting to manually align the drawbar, as he had been trained to do, and seriously injured his back.

By Opinion and Order entered May 15, 2012 [doc.#94], the Court denied as moot Union Pacific's motion for summary judgment on Count II of Plaintiff's complaint under the FSAA as Plaintiff withdrew Count II of his complaint, denied as premature Union Pacific's motion for summary judgment on its claim for indemnity against Gunderson under the Track Lease Agreement, granted in part and denied in part Plaintiff's motion for partial summary judgment, and denied the parties' six motions to exclude expert testimony.

Following the Court's ruling on the motions, the Court found, over Gunderson's objection, that the parties settled Plaintiff's claims the weekend before trial for $1,150,000, with Union Pacific and Gunderson each agreeing to pay Plaintiff $575,000. Because Union Pacific is

responsible for Plaintiff's loss incurred as a result of violations of its non-delegable duty to furnish a safe workplace under FELA, Gunderson, by agreeing to pay Plaintiff $575,000 of the settlement, or one-half of Union Pacific's liability, indemnified Union Pacific for that same amount. Accordingly, the only issue remaining for trial was whether Gunderson will be required to indemnifiy Union Pacific for the full amount of its liability or whether Gunderson can limit Union Pacific's recovery of indemnity to one-half of its liability by proving that Union Pacific was negligent and that its negligence contributed to Clark's accident. The Court held a bench trial on Union Pacific's indemnity claim beginning on May 30, 2012 and concluding on June 1, 2012.

On June 8, 2012, the Court entered an Opinion and Order setting forth its findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a) [doc.#167]. In its Opinion and Order, the Court found that acts or omissions of Gunderson caused Clark's accident, that Gunderson is not strictly liable under the Track Lease Agreement, and that the negligence of Union Pacific contributed to Clark's accident. The Court determined that as Gunderson has already agreed and been ordered to pay $575,000 of the settlement in indemnification–one-half of the loss–Union Pacific is not entitled to further indemnification from Gunderson and that Union Pacific and Gunderson must therefore pay equal parts of the $1,150,000 settlement to Plaintiff.

II. Discussion

1. Union Pacific's Motions for Attorneys' Fees

Union Pacific has filed two motions for attorneys's fees, one for "loss" under the Track Lease Agreement and one as a prevailing party under Ark. Code Ann. § 16-22-308. The Court will address these motions in turn.

A. <u>Motion for Attorneys' Fees for "Loss" under Track Lease Agreement</u>

As previously noted, the Court found in its findings of fact and conclusions of law that Union Pacific may only recover one-half of its liability as Gunderson has proven that Union Pacific was also negligent and that its negligence contributed to Clark's accident. Consistent with this finding, Union Pacific requests that the Final Judgment require that Gunderson pay 50% of the following in addition to the $575,000 already enforced in the Order Enforcing Settlement: attorneys' fees in the amount of $257,973, costs in the amount of $46,843.98, and expert fees in the amount of $15,600 for an amount totaling $320,416.98, of which Gunderson should be required to pay half ($160,208.49). Union Pacific argues that these fees and costs constitute "loss" incurred by it under the Track Lease Agreement.

Exhibit B to the Track Lease Agreement sets forth certain terms regarding the parties' responsibility for losses. Section 3 of Exhibit B relates to liability and provides as follows:

Section 3.     <u>LIABILITY</u>.

(a) For purposes of this section, the following definitions shall apply:

\* \* \*

(5) "Loss" means loss of or damage to the property of any Third Person or Party and/or injury to or death of any Third Person or Party. "Loss" shall also include, without limitation, the following associated expenses incurred by a Party: costs, expenses, the cost of defending litigation, attorneys' fees, expert witness fees, court costs, the amounts paid in settlement, the amount of the judgment, and any pre-judgment and post-judgment interest and expenses. . . .

> (b) Except as otherwise specifically provided in this Agreement, all Loss related to the construction, operation, maintenance, use, presence or removal of the Track shall be allocated as follows:
>
> * * *
>
> (3) Except as otherwise more specifically provided in this Agreement, Railroad and Industry shall pay equal parts of the Loss that arises out of the joint or concurring negligence of the Railroad and the Industry, whether or not the acts or omissions of a Third Person contribute to cause the Loss....[2]
>
> * * *

The Court finds that Union Pacific is entitled to 50% of its total fees and costs as it is a "loss" under the Track Lease Agreement. Gunderson argues that its agreement to pay half of Union Pacific's liability to Plaintiff precludes Union Pacific from seeking its fees and costs, but the Court finds that the settlement with Plaintiff did not include a settlement with Union Pacific concerning its fees and costs. The Court finds that all fees and expenses submitted by Union Pacific, including those associated with enforcement of the indemnity provision, constitute a "loss" as defined in the Track Lease Agreement. Given the joint or concurring negligence of Union Pacific, half of the total amount of fees and costs–$160,208.49–are therefore recoverable.

B. <u>Motion for Attorneys' Fees as a Prevailing Party under Ark. Code Ann. § 16-22-308</u>

Union Pacific argues that it was the prevailing party in the bench trial on its claim for indemnity, with the Court holding that Union Pacific was entitled to 50% indemnity pursuant to the Track Lease Agreement, and that it is thus entitled to 100% of its reasonable attorneys' fees

---

[2] Union Pacific and Gunderson both agree that if the loss arises out of the joint or concurring negligence of Union Pacific and Gunderson, liability will be 50% each, even if one party is more at fault than the other.

associated with prevailing on this indemnity agreement under Ark. Code Ann. § 16-22-308.  The Court disagrees.

Ark. Code Ann. § 16-22-308 provides that "[i]n any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."  See also *Perry v. Baptist Health*, 368 Ark. 114, 117, 243 S.W.3d 310, 313 (2006) (a successful defendant in a contract action may be considered a prevailing party for the purposes of the statute–Ark. Code Ann. § 16-22-308–allowing award of attorney's fees to prevailing party).[2]

Union Pacific states that it recognizes that it is difficult to determine what was indemnity and what was the underlying FELA claim, and that to be fair and reasonable, it requests 100% of the attorneys' fees incurred after May 29, 2012, the day the Court enforced the settlement agreement and the parties determined that they would be trying only the indemnity claim, through June 5, 2012.  Union Pacific thus requests that it be awarded 100% of its reasonable attorneys in the amount of $17,205.20.

The Court finds that Union Pacific was not a prevailing party for purposes of Ark. Code Ann. § 16-22-308.  Rather, Union Pacific and Gunderson entered into a settlement agreement with Plaintiff, with each agreeing to pay half of Union Pacific's liability, leaving for trial only

---

[2] A litigant is a prevailing party under Ark. Code Ann. § 16-22-308 "in terms of the entire case, and not in terms of particular issues or actions therein."  *Id.*  The prevailing party is determined by who comes out "on top" at the end of the case.  *Id.* (citation omitted).

the issue of whether Gunderson will be required to indemnifiy Union Pacific for the full amount of its liability or whether Gunderson can limit Union Pacific's recovery of indemnity to one-half of its liability by proving that Union Pacific was negligent and that its negligence contributed to Clark's accident.  That issue was tried to the Court and the Court found that the negligence of Union Pacific contributed to Clark's accident and that because Gunderson has already agreed and been ordered to pay $575,000 of the settlement in indemnification–one-half of the loss–Union Pacific is not entitled to further indemnification from Gunderson.  Union Pacific, then, was not a prevailing party in the indemnity action tried to the Court.  Moreover, the indemnity action tried to the Court was not an action pursuant to which Ark. Code Ann. § 16-22-308 would even apply but, rather, a trial to determine application of the indemnity provision.

  2. <u>Gunderson's Motion for Costs Pursuant to Fed.R.Civ.P. 68</u>

On May 15, 2012, Gunderson delivered an Offer of Judgment to counsel for Union Pacific that provided as follows:

### **OFFER OF JUDGMENT**

> Pursuant to Federal Rule of Civil Procedure 68, Third-Party Defendant Greenbrier Rail Services, LLC, d/b/a Gunderson Rail Services ("Gunderson") offers to allow judgment to be entered against Gunderson and in favor of Third-Party Plaintiff Union Pacific Railroad Company ("Union Pacific"), on Union Pacific's claim for contractual indemnity, requiring Gunderson to pay fifty one percent of the "loss" as that term is defined in the Track Lease Agreement, arising from Jody Clark's FELA claim against Union Pacific in this matter.  Gunderson also offers to pay Union Pacific's costs as required under Rule 68.
>
> This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs. To accept this Offer of Judgment, Third-Party Plaintiff must serve written notice of acceptance thereof within fourteen days of the date this offer is made.

Gunderson notes that Union Pacific did not accept the Offer of Judgment and that on June 8, 2012, after a trial of the indemnity issue, the Court ruled that Union Pacific and Gunderson must pay equal parts of the $1,150,000 settlement to Plaintiff. Gunderson states that because this judgment is less favorable to Union Pacific than the unaccepted offer, Union Pacific must pay the costs Gunderson incurred after the offer was made pursuant to Rule 68(d), which provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

In response to Gunderson's motion for costs pursuant to Rule 68, Union Pacific argues, *inter alia*, that the offer of judgment provisions of Rule 68 do not apply to situations where an offer of judgment was followed by a settlement rather than a trial and that the "[t]he majority of courts have come to the same conclusion."[3] The Court rejects Union Pacific's argument that Rule 68 does not apply to settlements. While "some courts have insisted that Rule 68 has no bearing unless plaintiff's judgment is obtained after trial ... [t]his approach is flawed, and the fact that the case ends by settlement should not preclude application of Rule 68." 12 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 3006 (2d ed. 2012). In this respect,

> [i]n terms of customary legal expectations, a judgment entered pursuant to a settlement has been "obtained" by plaintiff if it is favorable to the plaintiff, as the Supreme Court seems to have recognized in another context. Many a lawyer will

---

[3] Union Pacific cites *Hutchison v. Wells*, 719 F.Supp. 1435 (S.D. Ind. 1989), *E.E.O.C. v. Hamilton Standard Div.*, 637 F.Supp. 1155, 1158 (D.Conn. 1986), and *Good timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F.Supp. 459 (D.V.I. 1991), all of which held that Rule 68 does not apply to settlements. See also *Vitullo v. Velocity Powerboats, Inc.*, No. 97 C 8745, 2001 WL 1117307, at *2 (N.D.Ill. Sept. 21, 2001) ("In this court's view, although the literal text of Rule 68 does not require that the final judgment obtained by the plaintiff be pursuant to a trial, it appears that Rule 68 was intended to address only such a scenario.").

> crow about favorable settlements obtained for clients, making this situation quite different from cases in which defendant prevails.
>
> Moreover, applying the rule in this situation comports with its purposes. Unlike cases in which defendant prevails, cases that are settled do not create risks of frivolous Rule 68 offers. To the contrary, applying the rule would encourage defendants to make Rule 68 offers that are reasonable in the sense that they are more favorable than settlements subsequently accepted by plaintiffs. It is true that Rule 68 is in part intended to encourage settlement before trial, so that its objectives might be said to be satisfied in any case that is settled before trial. But the rule is also designed to expedite the prompt settlement of cases and avoid the burden and cost of continued litigation. Although some courts see a risk that applying Rule 68 to settled cases would deter settlement after rejection of such an offer, it seems more likely that nullifying Rule 68 if the case ultimately settles would undercut the rule because most cases do settle short of trial. In order to encourage defendants to make realistic offers of judgment, and to make plaintiffs "think very hard" about such offers, it is necessary that the rule apply where a settlement is later confected on less favorable terms, as other courts have recognized. The parties may, of course, make explicit provision for allocation of costs in their settlement agreement, in which case neither Rule 68 nor Rule 54(d) would apply.

*Id.* (footnotes omitted). The Court agrees with this reasoning and accordingly finds that the offer of judgment provisions of Rule 68 apply to situations where an offer of judgment was followed by a settlement. See *Lang v. Gates*, 36 F.3d 73, 76 (9th Cir. 1994) (holding that Rule 68 applies to settlements); *Boorstein v. City of N.Y.*, 107 F.R.D. 31, 33 (S.D.N.Y. 1985) (same); *Mannick v. Kaiser Foundation Health Plan, Inc.*, No. C 03-5905 PJH, 2007 WL 2892647, at *9 (N.D. Cal. Sept. 28, 2007) (same). See also Edward F. Sherman and Christopher M. Fairman, *Interplay Between Mediation and Offer of Judgment Rule Sanctions*, 26 Ohio St. J. on Disp. Resol. 327, 346-347 (2011) ("To encourage defendants to make realistic offers of judgment, and to make plaintiffs seriously contemplate such offers, Federal Rule 68 should apply where a settlement is later made on less favorable terms than those in a rejected Federal Rule 68 offer.").

The Court does agree, however, with Union Pacific that Gunderson's Offer of Judgment does not contain specified terms and is therefore unenforceable. "To decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law." *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988). An offer of judgment made pursuant to Rule 68 must specify a definite sum or other relief for which judgment may be entered and must be unconditional. *Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 764 (4th Cir. 2011). This is because the Plaintiff must know unequivocally what is being offered in order to be responsible for refusing such an offer. *Id.* See also *Radecki*, 858 F.2d at 403-403 ("especially when considering a Rule 68 offer, the offeree needs to have a clear understanding of the terms of the offer in order to make an informed decision whether to accept it.").

At the time Gunderson delivered its Offer of Judgment to counsel for Union Pacific, it was unknown what Plaintiff's "loss" was. Rather, the Offer of Judgment was for a percentage of an unknown amount and, as such, failed to specify a definite sum or other relief for which judgment could be entered. Cf. *Affordable Communities of Missouri v. Jefferson Arks Bldg., LLC,* No. 4:08cv617 CDP, 2009 WL 90125, at *3 (E.D.Mo. Jan. 14, 2009) (noting that neither the Defendant's offer of judgment nor the Plaintiff's complaint mentioned a specific dollar amount that the Plaintiff is seeking and that it would be impossible for the Court to enter a judgment on the basis of this document; therefore, it is not in the proper format and it is rejected). Because Gunderson's Offer of Judgment did not contain specified terms necessary for the application of Rule 68, it is unenforceable. Accordingly, the Court denies Gunderson's motion for costs pursuant to Rule 68.

### 3. Gunderson's Motion for Attorneys' Fees as a Prevailing Party under Ark. Code Ann. § 16-22-308

Gunderson argues that it was the prevailing party in Union Pacific's indemnity trial and that it is thus entitled to attorneys' fees pursuant to Ark. Code Ann. § 16-22-308. As the Court noted in denying Union Pacific's motion for fees and expenses pursuant to Ark. Code Ann. § 16-22-308, the indemnity action tried to the Court was not an action pursuant to which Ark. Code Ann. § 16-22-308 would apply but, rather, a trial to determine application of the indemnity provision.[4] Accordingly, the Court denies Gunderson's motion for attorneys' fees under Ark. Code Ann. § 16-22-308.

### 4. Union Pacific's Rule 58 Motion to Extend Time to File Notice of Appeal

In its Rule 58 motion to extend time to file notice of appeal, Union Pacific states that because the issues of the fees and costs are intertwined with the merits and the effect of the June 8, 2012 Judgment, the parties cannot properly analyze whether to appeal, or what portions to appeal, of the June 8, 2012 Judgment until the motions are resolved. The Court, however, has today resolved the issues of the fees and costs and so the parties can now properly analyze whether to appeal, or what portions to appeal, of the June 8, 2012 Judgment. Accordingly, the Court denies as moot Union Pacific's Rule 58 motion to extend time to file notice of appeal [doc.#180].

### III. Conclusion

---

[4] In response to Union Pacific's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308, Gunderson argues that § 16-22-308 is not applicable to this situation. As noted by Union Pacific, "[i]f § 16-22-308 does not apply to Union Pacific, then it also does not apply to Gunderson. It either applies to the claim, or it does not."

For the foregoing reasons, the Court grants Union Pacific's motion for attorneys' fees pursuant to the Track Lease Agreement in the amount of $160,208.49 [doc.#166], denies Union Pacific's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 [doc.#169], denies Gunderson's Rule 68 motion for costs [doc.#170], denies Gunderson's motion for attorneys' fees pursuant to Ark. Code Ann. § 16-22-308 [doc.#175], and denies as moot Union Pacific's Rule 58 motion to extend time to file notice of appeal [doc.#180].

IT IS SO ORDERED this 6th day of July 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE